This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**GERARD GUTIERREZ,**

Plaintiff-Appellant,

**v.**                                                                              **No. 32,352**

**J.W. DRILLING, INC.,**

Defendant-Appellee,

**and**

**CHESAPEAKE OPERATING, INC.,**

Defendant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark Terrence Sanchez, District Judge**

Trenchard & Hoskins
Royce E. Hoskins
Josephine Lue
Roswell, NM

for Appellant

Beall & Biehler
Josh A. Harris
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Gerard Gutierrez appeals from the district court's entry of summary judgment in favor of Gutierrez's employer, J.W. Drilling. The district court dismissed Gutierrez's claims against J.W. Drilling on the ground that the exclusivity provision of the Workers' Compensation Act barred Gutierrez from recovering from J.W. Drilling in tort. This Court issued a calendar notice proposing to affirm. Gutierrez has filed a memorandum in opposition to our proposed disposition, and J.W. Drilling has filed a memorandum in support. Having considered the arguments of the parties, we affirm.

In this Court's calendar notice, we pointed out that in *Delgado v. Phelps Dodge Chino, Inc.*, 2001-NMSC-034, ¶ 26, 131 N.M. 272, 34 P.3d 1148, our Supreme Court carved out a limited exception to the exclusivity provision of the Workers' Compensation Act. We noted that "[t]o survive a pre-trial motion for summary judgment on a *Delgado* claim, [a p]laintiff must plead or present evidence that the employer met each of the three *Delgado* elements through actions that exemplify a comparable degree of egregiousness as the employer in *Delgado*." *May v. DCP*

*Midstream, L.P.*, 2010-NMCA-087, ¶ 7, 148 N.M. 595, 241 P.3d 193 (internal quotation marks and citation omitted). Gutierrez continues to maintain that J.W. Drilling's failure to actually repair or replace defective machinery, despite warnings from a supervisor that the failure to do so would result in an injury or death, approximates the egregious conduct exhibited by the employer in *Delgado*. We disagree.

In *Delgado*, "the employee was ordered to attempt to remove a giant cauldron of molten slag in a situation for which he had not been trained using unfamiliar equipment underneath a thirty-ton, overflowing cauldron." *May*, 2010-NMCA-087, ¶ 12. "When confronted with [this] new and frightening situation that he was completely unprepared for, the worker radioed his superiors and repeatedly insisted that he did not want to perform the task and he was not trained to handle the situation." *Id.* ¶ 14. The worker's requests for help in *Delgado* were denied. *Morales v. Reynolds*, 2004-NMCA-098, ¶ 9, 136 N.M. 280, 97 P.3d 612. As we noted in our proposed disposition, in determining whether a case meets the requirements of *Delgado*, it is this conduct that *Delgado* sought to deter that we must bear in mind. *Id.* ¶ 10.

In the present case, Gutierrez alleges that J.W. Drilling's supervisor had informed it of the problem with the cathead and that injury or death would occur if it

3

continued operating the defective equipment. [DS 6; MIO 3] J.W. Drilling made several, albeit unsuccessful, attempts to fix the cathead [DS 5]; it warned the crew to be careful given the still malfunctioning equipment [RP 103-04]; and it had the crew work at a slower pace because the cathead was not working properly [RP 106]. Furthermore, the task being performed by Gutierrez when he was injured was a routine task that he was trained to do. [RP 110-11] While Gutierrez asserted he was uncomfortable with the malfunctioning cathead, Gutierrez did not assert that he requested the job to be stopped at anytime. [DS 6-7; MIS 5] We conclude that the situation faced by Gutierrez "is simply not analogous to the anticipated and sudden calamity that the worker in *Delgado* faced." *May*, 2010-NMCA-087, ¶ 14. Moreover, we conclude it was appropriate for the district court to grant summary judgment on this ground as reasonable minds could not differ in this conclusion. *See Morales*, 2004-NMCA-098, ¶ 15 (indicating that when reasonable persons may differ on the question, it is a question for the jury to decide).

Gutierrez asserts that the facts of this case are distinguishable from previous cases in which this Court has held that a worker did not demonstrate a comparable level of egregiousness to the conduct in *Delgado*. [MIO 4 (citing *Morales*, 2004-NMCA-098, *May*, 2010-NMCA-087, and *Chairez v. James Hamilton Constr. Co.*, 2009-NMCA-093, 146 N.M. 794, 215 P.3d 732).] Yet, regardless of the factual

4

distinctions Gutierrez draws between these cases and his own, the nature and character of the employer conduct in each of these cases and his own is largely the same. *See Morales*, 2004-NMCA-098 (failure to provide safety equipment); *Chairez*, 2009-NMCA-093 (modifications to machinery); *May*, 2010-NMCA-087 (modifications to machinery). Accordingly, the district court's order granting summary judgment in favor of J.W. Drilling is affirmed.

**IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**CYNTHIA A. FRY, Judge**

5